Good morning, Your Honors. May it please the Court, Stacey Newman on behalf of Appellant The issue in this case is whether the Federal District Court erred in dismissing Mr. Witter's federal habeas petition as second or successive. Because the judgment challenged was issued to replace a judgment that was invalid under state law, the judgment is intervening for the purposes of habeas. The petition challenging that judgment, therefore, for the first time, is not second or successive. A straightforward application of federal statutes, Supreme Court authority, and this Court's authority should result in a reversal and a remand to allow Mr. Witter's petition to move forward. Beginning with the Supreme Court authority, in Magwood v. Patterson, the Supreme Court held that ADFA's prohibition on second or successive petitions does not apply if the petitioner is challenging an intervening judgment. Justice Thomas, in writing for the majority, held that this is the case even if it allows a habeas petitioner to raise the exact same claims multiple times. And since Magwood, this Court has developed its own test for judging whether a judgment is intervening. And that test, as articulated in Gonzales v. Sherman, is very simple. Does the new judgment of conviction replace an invalid judgment of conviction with a valid one as determined by the laws of the state issuing the judgment? This rule applies regardless of whether the change in judgment impacts the length of custody. In fact, this Court has held the judgment to be intervening even when it is exactly the same as a judgment that was previously challenged, and that was in Smith v. Williams. In Gonzales v. Sherman, in footnote 5, this Court also said the change need not be major and it need not be substantive. So in looking to Witter's judgments and the laws of Nevada, it's clear that Witter's new judgment is intervening. That's because Nevada state law is very clear that restitution must be set in a certain amount. The Nevada Supreme Court has held that district courts must do this. They do not have discretion not to do this. And they've referred to setting restitution in some certain as a, quote, weighty matter. That happened in Witter's own case. And they've also called it a, quote, integral part of the sentence. And that is from Whitehead v. State. The Nevada Supreme Court takes this so seriously that it has even reversed on this error, sua sponte, when neither party briefed the issue. They've also. Citation for that. Yes, that is in Washington v. State. And then in another case, Latte v. State, they even held that they lacked jurisdiction to hear an appeal from a judgment that had an uncertain sum of restitution. So in turning now to Witter's case, his previous judgments of conviction had an amount of restitution, quote, to be determined in the future. That was clearly invalid under the Nevada case law just discussed. And in Witter's own case, the Nevada Supreme Court held that Witter had the ability to appeal the Third Amendment judgment of conviction. And it reiterated its commitment to that restitution jurisprudence. And it rejected the state's attempts to call this change inconsequential. So here now, Witter is challenging a judgment that has the restitution set in some certain. That is a valid judgment under Nevada law. It replaced a judgment that was invalid under Nevada law. And so it is intervening under this court's case law. Your Honor, I'd be happy to talk about any other areas you have questions of, but we really believe it's quite straightforward. I have a question for you. One of the arguments that you make is that Section 2254 is an entirely different statute than 2244. But my question is 2244 incorporates 2254. So it says a claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed. So that's the language of 2244. But then 2254 says that, you know, the courts can entertain an application for writ of corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. So help us, you know, think through that incorporation of 2254 into 2244. Absolutely, Your Honor. So, yes, these statutes are informed by each other. 2254A governs what is cognizable in a 2254 petition and also imposes what the Supreme Court has called a status requirement, meaning that a petitioner can only file a 2254 petition under that statute if they are being held pursuant to a judgment of a state court. So that's really looking at whether this is the right petition as opposed to a 2255 petition for a federal petitioner. So 2254A looks at, is this person in state custody and is this therefore the correct petition they should be bringing? And are they challenging the constitutionality? Are they bringing a cognizable claim? Then when we move over to 2244B, the question becomes, which judgment? If we've established that the petitioner is under state custody, now we're looking at which judgment is being challenged and is it the first challenge to that judgment they are being held under custody of? So if we look at Magwood, it says a 2254 petition seeks invalidation of the judgment authorizing the prisoner's confinement. And Mr. Witter is being held in custody pursuant to a sentence prior to the third amended judgment. So how do we, how should we think about that? So because the Nevada Supreme Court affirmed that third amendment judgment of conviction, Mr. Witter is currently being held under that judgment of conviction. But if I look through and if I look through the language of many of these cases, they do focus on the custodial. I'll just read from Turner. The amended judgment removes an invalid basis for incarceration and provides a new and valid intervening judgment to which a defendant is held in custody. Or Gonzalez, under Magwood, the relevant sentence is the one pursuant to which the defendant is held in custody. Alteration of custody credits, which changes the duration and legality of sentence, is the alteration that constitutes a new and intervening judgment. Similar in Smith v. Williams. The only relevant judgment for a habeas application is one pursuant to which a prisoner may be incarcerated. And concluding that that was the holding in Magwood. And in Bailey v. Hill, we held that restitution is not part of custody, so there's no jurisdiction over a restitution challenge under 2254A. So there seems to be a lot of law saying, I guess, supporting the government's position, except I think Colbert then supports your position. Because Colbert sort of cabins all of those cases and says, no, what's not dispositive is whether the judgment is the judgment pursuant to which the petitioner is in custody. It's just whether an invalid judgment was replaced by a valid one. So do you think you need Colbert to sort of cabin these other Ninth Circuit cases? I don't think we need Colbert, but I think it shows that the test versus Gonzalez, as your Honor said, does not hinge on the type of change per se. What really matters is giving respect to the state courts to decide what makes a judgment valid under their own state laws. So regardless of whether that's restitution or time served credits or even so much as vacating account, all of those could be changes that a state court could recognize impact the validity of the judgments within its own jurisdiction. If Nevada hadn't amended the judgment in this case, would Witter have an argument that he was being held in custody unlawfully under an invalid judgment under Nevada law? Like, if the restitution was indeterminate, would he be able to argue, like, you can't hold me in custody because you don't have a valid judgment against me? I think that might be possible, Your Honor, because of Colbert v. Haynes. In that case, the state courts did not enter something called an amendment judgment of conviction. It was actually an order reflecting the change. But this court nevertheless applied the test under Gonzalez and treated it as if it were a judgment. Certainly, it's very indicative of Mr. Witter's position that the state court did enter a judgment of conviction. They titled it a new judgment of conviction. The Nevada Supreme Court rejected the state's attempt to dismiss the appeal for lack of jurisdiction and ultimately affirmed that Third Amendment judgment of conviction, which goes back to our position that that is the judgment that Mr. Witter is being currently held under. And because his current federal habeas petition is the first one attacking that judgment, the petition was erroneously dismissed as second or successive. If we find that the petition is not second or successive, what do we do with the currently stayed appeals? Do they get dismissed as moot or? So if Mr. Witter were to get a reversal and go back to federal court, we would proceed on this petition. If this court were to affirm, we would move to lift the stay and the other Ninth Circuit appeals because that would be tantamount to recognition that those are the appeals he should be proceeding under. Oh, wait, I'm sorry, I didn't understand that. So then you would want the litigation of those appeals, the currently stayed appeals. Is that correct? Correct, Your Honor. So if this court were to hold that the district court was correct in dismissing the petition as second or successive, we would move to lift those stays and the currently stayed Ninth Circuit cases litigate those. But why wouldn't you allow him or want him to just raise those claims in his new petition? Well, Your Honor. And then let the district court decide which claims can go forward or not. Perhaps I'm not understanding. So if the petition is dismissed as second or successive, then we would have no further recourse and we would proceed with the stay and Ninth Circuit cases. Well, the state appeals are on the 2011 second amended petition. But what we would be finding if we do this is not a second or successive petition would be the 2020 petition. So that's what's being allowed to go forward. Does that make any sense? So I guess I don't understand. If you got permission to go forward on the 2020 petition, you're saying, oh, we don't want to litigate that. We want you now to go back and litigate the 2011 second amended petition. No, Your Honor. I think I misunderstood. Well, I may have misunderstood you. Oh, no. I'm sure it was me. So if we were allowed to proceed on the 2020 petition, we would litigate that and close out the stays in the other cases before this court. We would just seek to withdraw. And when you say close out, I guess I'm unclear. When you say lift the stays, then you're saying this panel would have to then decide those state appeals. Or you're saying you would then have those denied as moot and you're going to move forward on the 2020 petition. The latter, Your Honor. And I'm sorry for any confusion I may have caused. If Mr. Witter proceeds on the 2020 petition, we would not proceed on the other state cases before this court. Would they be dismissed or you use the word withdraw? You would withdraw those petitions? Yes, Your Honor. On the basis that they are moot because we are now moving forward with the first petition attacking the judgment under which Mr. Witter is currently in custody. The question is who's responsible for taking action on that? Would that who determines those to be moot and dismisses them? I think if Your Honors were to reverse and remand and say that Mr. Witter can proceed on the current federal petition, we would just take that order, file something in those other Ninth Circuit cases to with to close them out, withdraw them, whatever language we need to use. In recognition that they are now moot. All right, so this panel would then not rule and then you file a motion first. Is that that's your position? Yes, Your Honor. And in I believe it was the order authorizing the certificate of appeal ability that already contemplates updates in those cases within 14 days of this court's mandate. Again, happy to discuss any other areas, but we believe the testimony of Gonzalez should prevail as evidenced by Colbert V. Haynes. A straightforward application of this court's precedent coupled with respect given to Nevada courts to say what makes a judgment valid under its own state laws show that Mr. Witter's petition is not second or successive. Does it matter that the Nevada Supreme Court said at ER 481 and your opposing counsel cites to this in their in their brief that the scope of the appeal is limited to the issues arising from the amendment? Are we bound by Nevada, Nevada Supreme Court? No, Your Honor, because the Nevada Supreme Court's decisions that the state points to have to deal with finality. And in Colbert V. Haynes, or sorry, not Colbert V. Haynes and Gonzalez v. Sherman, this court specifically reversed a district court who held that finality was key in determining whether a judgment was intervening. This court said that is not the relevant inquiry. It should not read Wenzel so narrowly. So what the Nevada Supreme Court said about that finality might be relevant to say the statute of limitations under 2255 F. It's not relevant for this court's 2244 B second or successive analysis. So, Your Honors, with that, I would if there's no other questions, I would just yield the remainder of my time again. We just ask that the district court reverse the or this court reverse the district court's dismissal of this petition. You're yielding your whole time or you want to reserve it for rebuttal? Sorry, for rebuttal. All right. That's fine. Thank you. Thank you. Thank you. Mr. Connor. May it please the court Jeffrey Connor on behalf of the respondents. I'd like to start this morning with addressing the Colbert case. Actually, I think when you look at that case, it's actually a very straightforward application of Gonzalez because what happened there is that this court looked at state law and determined that there was no error in the judgment. And so there was no need for the court to decide whether or not that judgment itself provided a valid basis for custody or not, because there's no error for the court to even consider as to whether it rendered the judgment invalid for purposes of custody. And so I don't think that Colbert is actually in conflict with Gonzalez or Turner. And when you look – but when you look at Gonzalez and Turner, those cases are very clear. They provide a limiting principle for this court's cases, the test for deciding when a judgment is new, and it's grounded in core doctrinal habeas principles. It's limited to what's the purpose of the habeas petition is to challenge the validity of custody. And so nothing in the judgment has changed. There's not a new judgment here, and I think that's true. So when we look at Gonzalez, I think Gonzalez really sets up a two-part test. The first part is that you have to decide whether or not there's an error in the judgment or not, and then you have to go to the state law to understand what's the impact of that error on the validity of the judgment. And I would actually disagree with my friend that any of the Nevada cases actually suggest that there's an invalidity of the judgment by having a non-final or an indeterminate restitution award in the judgment. When you look at Whitehead v. State, the Nevada Supreme Court characterizes the original judgment in that case as an intermediate judgment. It doesn't say that the judgment was invalid. It doesn't say that Mr. Witter couldn't have been held – or in that case, Mr. Whitehead couldn't be held in custody while the restitution issue was being settled by the court. It doesn't – there's not an invalidity to the basis for custody under the judgment, and that's important. I think Your Honor's question about how 2254 ties into this and how 2254 is incorporated into the statute, that's also how, in Magwood, the court reached the determination about using the word challenging the judgment because judgment – the word judgment doesn't appear in 2244 at all. How the court got to the point of looking at the judgment pursuant to which the petitioner was in confinement or in custody is looking at the word application and recognizing that the purpose of the application is to challenge the judgment. And the purpose of challenging the judgment in habeas is limited to challenging the length or duration of confinement. And that's why it was appropriate for the district court here to recognize that the issue of restitution bears no relationship to Mr. Witter's custody under the judgment. And because even though there was an error in the judgment, it didn't impact his custody, and that's the sole scope of this court's review. How do you square that, though, with the cases that, you know, saying there's an amended judgment, the amended judgment doesn't actually change, you know, the length or duration of custody, and the courts have said, you know, you can still challenge. We're not going to call this a second or successive petition, even though you are challenging parts of the judgment that weren't changed, you know, parts of the custodial sentence that weren't changed by the amended judgment. And even issues that you raised before. Every case where this court has found that there was a new intervening judgment involved the petitioner receiving some sort of relief related to a conviction or sentence, and that resulted in the entry of a new judgment. Well, Magwood itself reimposed the death penalty. Correct. So what was the custodial relief that they received in the new judgment? Well, in the context of looking at a death sentence, it's the terms of the punishment that are being addressed. So they're challenging the validity of the sentence there. And so it's an entirely new sentence because he went through an entirely new sentencing proceeding, and that ties right into the Supreme Court's case in Burton v. Stewart and lots of other cases where – and this court has recognized the same thing, that the sentence is the judgment. So when you look at this, like, the purpose of federal habeas is challenging the validity of either the convictions or the sentences. I understand that. I think – but in Magwood, they bought a new sentence, but the sentence – well, they got a new sentencing hearing, but the sentence that was imposed by the new judgment was exactly the same as the prior one, right? So there was no change in the length or duration of custody, and the court still said this is a new judgment. Because he'd received relief, and there was an entirely new proceeding that led to the entry of a new sentence. Well, it's the same sentence. Is it the process of the sentencing hearing that you're saying distinguishes this case from Magwood, and why would that be? Well, I mean it comes back to he's challenging the sentence itself, and that's why Magwood very clearly left open the question of whether or not he could challenge unchanged parts of the judgment. So Magwood doesn't address that question. This court has addressed that question in Wentzel and beyond. Well, the restitution order is part of Mr. Witter's sentence, isn't that? The New Ashburn Court has, yes, said that restitution is a component of sentencing, but it doesn't affect the validity of his confinement under the judgment, and that is what's core to habeas is focusing on whether or not the judgment provides a valid basis for custody. That's exactly what this court said in Gonzalez and repeated in Turner. In those cases, they're addressing pre-sentence credit, and it was very clear in Gonzalez that the California Supreme Court had said a judgment that doesn't provide the appropriate amount of sentence credits is invalid. Right, but there we have state law saying that a judgment that has an indeterminate restitution order is invalid. It doesn't say it's invalid. It says it's error, but it doesn't say that the judgment is invalid for purposes of holding Mr. Witter in custody. Do you have authority saying that there's a meaningful difference between those terms in state law? I don't other than to rely on this court's test of telling the federal courts what's the important question for looking at the state law to determine whether the judgment is valid or not. This court has instructed to focus on whether or not the judgment provides a valid basis for custody. I actually tend to agree with your interpretation of Gonzalez and Turner, but Colbert doesn't. Colbert does not sort of – I agree with you there's language in Gonzalez that says the invalid or valid distinction has to be related to the judgment pursuant to which the defendant is incarcerated. But Colbert actually cuts that language off and says, no, the only dispositive issue is whether an invalid judgment was replaced with a valid one. And that is the most recent published Ninth Circuit decision that we have to follow. So I guess I'm – even if I agree with you on Gonzalez and Turner, I just think that Colbert – I'm looking at Gonzalez, the amendment removed an invalid basis for incarcerating Gonzalez. So I agree with you the language in Gonzalez is all about the relevant sentence under Magwood is the one pursuant to which an individual is held in custody. And I agree with you there's a lot of language in Gonzalez, Turner, Smith, Bailey, but Colbert is the most recent Ninth Circuit decision, and it cuts it off at invalid basis. So what do we do with that? It determined that there was no error that would render the judgment invalid. So that was the end of it, and it didn't need to engage in that analysis of if we have an error in the judgment, but that error doesn't affect custody, what do we do with it? So I don't think Colbert addresses the question, but, Your Honor, this court's… …where I agree with you in Gonzalez it says invalid basis for incarceration. But Colbert doesn't do that, and I think Colbert would be controlling here. Well, to answer your question, Colbert is not controlling then. What this court's case law establishes it is if there is an irreconcilable conflict between two circuit precedents, you have to respond to have to call for en banc review. But I guess I don't think you're saying that Colbert is in conflict or not in conflict. I find there's a way to harmonize it, right? Colbert wasn't dealing with a custodial issue and just didn't find the custodial aspect was dispositive and didn't include it as part of its analysis. I don't think Colbert can narrow a Ninth Circuit holding. If this court said in Gonzalez that that's the state of the law in the Ninth Circuit… Well, Gonzalez just didn't confront this issue, so I don't think it's controlling one way or the other. I don't think you can lift words out of Gonzalez and say that's a controlling rule for this situation. That's why we're here. No, I think it is the controlling rule because that was the reason why there was a new judgment in Gonzalez was because of the fact that the failure to give him the appropriate time credits meant he would be serving a sentence longer than he was supposed to be – that he could be sentenced to under state law. And so that was the reason why it was an intervening judgment. The court had no reason to consider what would happen if there was an amended judgment that affected a non-custodial part of the sentence, right? So I think there's – so I just don't think the court was considering this situation. And what about Wentzel, right? You can't cut the restitution from – the judgment has to be one unit, and you can't slice and dice the components of that unit, which it seems like you're doing and saying, okay, well, let's just look at the custody and bifurcate that from restitution. But that seems in conflict with Wentzel, doesn't it? I don't think it's in conflict with Wentzel because there's a consistency there that it's all focused on the purpose of looking at the judgment for purposes of why the petitioner is in custody. All of those cases focus on challenging the judgment that provides the basis for custody. But we don't have multiple judgments here, right? We don't have a judgment for custody and a judgment for restitution or multiple sentences. We have one judgment that issues a sentence with a custodial component and a restitution component. And the error was with respect to the restitution component, but under Nevada law, that judgment cannot – it could not stand. It had to be amended to be valid. And I understand you're saying they didn't use the word valid, but they said there was an error, and it had to be corrected by the issuance of an amended judgment. So, again, we have one judgment, a new one now that has a custodial component and a restitution component, and then we have case law saying we don't slice and dice. We don't – it's a new judgment, so for purposes of this rule under Magwood, it's new. I think where I disagree with Your Honor is looking at – especially in Turner, this court recognized that not every error in a judgment renders it invalid for purposes of holding that person in custody. We look to state law. And that's why when – in Magwood, the Supreme Court looked to 2254 in defining what second or successive meant in construing the terms of 2244 and focused on looking at the judgment that is authorizing the petitioner's confinement. So that's why what the district court did here in focusing on the fact that restitution, as this court recognized in Bailey v. Hill as something that's not cognizable under 2254A because it has nothing to do with custody, has nothing to do with the judgment that authorizes Mr. Witter's confinement. Isn't the Third Amendment judgment the judgment that is authorizing Mr. Witter's custody right now? It is, but it's like – that's – it's not a new intervening judgment for purposes of what this court has said and how you apply the second or successive petition bar under 2244B. And so that's – I mean it all comes back to, yes, there was an error in the judgment, but this court's case law directs the district court to look at state law to determine what's the impact of that error on the validity of confinement because that is the core of habeas review is looking at the validity of confinement. And there's a change to the judgment that has nothing to do with what this court can review on habeas review. Why would that be a new judgment for purposes of habeas review? That doesn't make sense. So that's – I mean that's the core thing here is that habeas – the Supreme Court in Magwood focused on 2254A to inform its understanding of how to apply 2244 and focusing on the word application because the application challenges the judgment authorizing the petitioner's confinement. And when the judgment includes – there's lots of states that have different things in judgments of conviction, especially in Nevada. You get court fees and there's like a DNA analysis fee that has to be paid in Nevada. I've had a case where the petitioner had multiple convictions, and so he got double-charged for the DNA analysis fee, and the trial court realized we shouldn't have double-charged him for that and removed the DNA analysis fee. And he tried to argue that that was a change in the judgment that allowed him to file an entirely new habeas petition after we'd gone years of litigating his petition. But the district court in that case agreed with me and said, no, this is not a change to his – the validity of his custody under the judgment. And I think that's the right outcome there. This court denied a COA in that case. The case is Bo Pacelli. It's not discussed in the briefing, so I can provide that to the court if it's interested in that. But when there are things in the judgment that bear no relationship to the validity of the petitioner's custody, a change to that is not – doesn't render that a new and intervening judgment. And I think why I can comfortably say that also, Your Honor, that just the fact that there is an amended judgment, I disagree again with my friend's representation of what this court said in Gonzalez. The court clearly recognized that a scrivener's error is the correction of a typo that results in an amended judgment wouldn't be a new intervening judgment. And the reason for that, though – More than a scrivener's error, so we're in a different place. Understood. But I'm just saying that just because there's an entry of a new judgment that corrects something doesn't mean it's the new intervening judgment, right? Like that was your question for me, is that it's the third amended judgment, right? If this had just been changed because Mr. Witter's name was misspelled by accident. Under Nevada law, when there's a scrivener's error, do they actually issue a third amended judgment? Yes. I think that the statute for that is actually cited in the Witter opinion. I can't recall what it is off the top of my head, but the state court can – or it might be in the Whitehead case. But there is a state statute that allows for correction of an error of like a scrivener's type at any point in time. But – Well, that was not my question. My question is what happens when they find a scrivener's error. Do they actually officially enter an amended judgment? That's – my understanding is that the court would enter an amended judgment that corrects the problem in the judgment. But in all that language, it's understood that the scrivener's error doesn't render the judgment invalid. And so what we have here is a little different, right? We have a legally invalid judgment, and your example of a misspelling somewhere of Mr. Witter's name wouldn't render that judgment legally invalid, would it? So I agree with your honor there that it wouldn't render it legally invalid, but I also disagree with the premise that the undefined restitution award rendered the judgment invalid. The Nevada Supreme Court did not say that. In Whitehead v. State, it specifically referred to the prior judgments that didn't – that had the undefined restitution award in it as an intermediate judgment. It did not say that the judgment was invalid. And that ties right into what the court ultimate – the Nevada Supreme Court ultimately said in the slate. I disagree with your reading of Whitehood – Whitehead, excuse me. And we – if we read Whitehead as rendering the type of restitution error that I issued here, rendering the prior judgment invalid, then is the application of Magwood straightforward? I don't think so because I don't think it renders his custody under the judgment invalid, but – so I think that's the distinction here. Even if – even if under Nevada law this type of restitution error makes the judgment invalid, you would still say because it didn't affect custody. That's – You would say that it's not. That's how I interpret Gonzales, as it – the error and the invalidity of the judgment having to do with the basis for custody. And so what I was going to come back to was the reference to footnote 5 in this court's decision in Gonzales where it talks about the entry of an amended judgment. I think that's a nuance of California law if you look closely at Gonzales. Gonzales talks about the difference between the judgment and the abstract of judgment under California law. And the scrivener's error is a correction of the abstract of judgment, which is not the judgment. And so in California, when there's an amended judgment, the judgment is the court's oral pronouncement of sentence. So if there was an error when the court orally pronounced the sentence, that's the amendment to the judgment in California. And I think that's what this court was referring to in footnote 5 when it talked about whether there's an amended judgment or not, like the difference there. I think that that's a nuance of California law that doesn't apply to Nevada. The district court was not persuaded that the Nevada Supreme Court's decision relating to the finality of the 1995 judgment was determinative. You want to address why the Nevada Supreme Court, your estoppel argument? The estoppel argument? Yeah, your point that the Nevada Supreme Court previously held that Witter was a stop from treating his prior judgment of conviction with an indeterminate restitution provision as a final judgment only to change later. I think that just demonstrates the recognition that the Nevada Supreme Court is recognizing that restitution is distinct from the custodial components of the judgment in this case. Recognizing that he couldn't go back and challenge his conviction again, he'd already had an opportunity to do that. He'd filed a direct appeal, and he'd filed three state habeas petitions that all challenged his convictions and sentences under that judgment. But the district court below found that Mr. Witter also persuasively argues that the Supreme Court of Nevada's decision relating to the finality of his 1995 judgment is not determinative of the issue presented here. Well, I think that… ER-22. If I recall right, that's from when the court was ruling on its order to show cause? That's correct. It's from the order finding cause and scheduling further proceedings. Yeah. But in the final order, it certainly doesn't rely on at all the Nevada Supreme Court decision. So it didn't find it persuasive in the OSC, and then it doesn't rely on it at all in its ruling. That's one point where I would – I don't think that the district court error. I think for me it's just sort of a semantics issue where he – especially in ruling on the 59E motion, the district court suggested that he didn't need to look at state law at all. I think that's not quite right. I think what it was is that what he needed to look at state law for was whether or not the change to the judgment impacted the validity of confinement under the judgment. And so that's – that just wraps back into my core point here that this court's cases identify a limiting principle grounded in doctrinal habeas principles, that the application that's at issue is challenging the validity of confinement under the judgment. And there has been no showing that there was anything invalid about Mr. Witter's confinement under the judgment. And for that reason, the district court was right to determine that this was a second or successive petition challenging the same judgment that Mr. Witter had already previously challenged in his prior 2001 petition. If we were to find that the petition is not a second or successive one, what happens with the state appeals? And then do we ask – send it – remand it back for the district court to determine what claims, if any, precede the petition? Well, that's a – it's an interesting question that I'm not – I'm not 100 percent sure about that because – I mean I would think that if you determine that this is a – there's a new intervening judgment under Magwood that he can assert this petition without having to satisfy the successive petition bar, then that would render those other appeals moot. And he would have to withdraw that prior petition because it's challenging a different judgment that he's no longer in custody under. But – and then he would have to proceed on – under the existing petition, the 2020 petition in the district court. I mean, that to me just brings me to another logical inconsistency with this. And I want you to raise that, but can I ask you just a housekeeping question? If that were the case, then would this panel deny those state appeals as moot, or you wait for a motion from Mr. Witter, or what's the logistics? I think – I think Ms. Newman's correct that the orders staying those cases require updates from this case because they're separate cases. I don't know that that case has been assigned to this panel for determination, so I think that it would have to be a separate process. Okay, thank you. Can you go to your point? But I just – it just strikes me as very odd here to think that suddenly all of the work that we did in that case is moot, whereas if Mr. Witter had appealed and had won in that case, would the state have been able to come back and say that Mr. Witter's petition is challenging the wrong judgment? I don't think this court would accept me coming here with an argument saying this is a new judgment because the Nevada – the district court in Nevada got rid of this restitution award, and it rendered the judgment that Mr. Witter succeeded in challenging. It renders that all moot because there's a new judgment, and he has to go through the whole process again now. The court doesn't have any further questions. I'll submit and just ask that the court affirm the district court's judgment. Any further questions? Okay, no. Thank you. Your Honor, just a few points on rebuttal. First, I agree with my colleague that the sentence is the judgment. There's no disagreement there. And as Your Honors have noted, the judgment does not get sliced and diced into components. Under Wentzel v. Nevin, this court was very clear that the judgment is to be treated as one judgment. And this is really important because restitution is part of the sentence under Nevada law. It might be different with other states, but Nevada has said time and time again restitution is part of the sentence. It's therefore part of the judgment. In turning to my colleague's statements that the Nevada Supreme Court never used terms like invalid or valid, that makes sense because that is the federal test. The federal test is looking at whether the judgment was invalid. And in Turner v. Baker, this court set forth a very clear analysis of how you can judge whether a change made something invalid. And in Turner, this court really found two things key. One, that the Nevada Supreme Court repeatedly reversed for that type of error. And two, that the Nevada Supreme Court held that the statutory scheme did not allow for that kind of error. The exact same is true here. The Nevada Supreme Court has reversed many times when confronted with this error. And it has held that the statutory scheme simply does not allow for this type of error. So I think that analysis in Turner v. Baker really shows that this change was an intervening one. In turning to statements about Colbert, I agree there's no conflict between Gonzales and Colbert. I think it just, again, confronted a new situation and applied that exact same test from Gonzales. And- Address Whitehead, please. Whitehead v. State, the Nevada Supreme Court case? Yes. Yes, that was the case that said that restitution is an integral part of the sentence. And it reversed for that reason. So, again, that just goes back to our point that under Nevada law, this is the type of error that renders a judgment invalid. It's very different from the statements about, you know, DNA testing fees. There is not a long line of Nevada cases discussing that that is an error warranting reversal or that the statutes don't contemplate for that to happen. But what about Mr. Conner's argument about, you know, intermediate judgment versus final judgment based on Whitehead? I think here, Your Honor, because there was a third amendment judgment of conviction entered by the trial court and then affirmed by the Nevada Supreme Court on appeal, I think it's even clearer here that Mr. Witter is being held pursuant to a new judgment. And then, again, just when we're looking at those Nevada case laws, it's clear that the previous judgments were invalid. So now we have this new emergence of an intervening judgment. So I understand your argument about Turner v. Baker is that even though in Whitehead the State Supreme Court didn't use the word invalid, that's because they weren't thinking about federal law and that under Turner v. Baker we're supposed to look at the Nevada case law and say, are they treating this error as the type of one that they must reverse under and that is prohibited by statute? And you're saying even though they didn't use the word invalid in Whitehead under the Turner v. Baker test, we would treat this type of error as one that, when it's corrected in the amended judgment, as one that creates a new judgment. I understood your argument about Turner v. Baker as to be the response to the language in Whitehead. Yes, Your Honor, that's absolutely right. That's the correct framework. I'm looking at Whitehead, and I mean, they do distinguish the restitution error from a scrivener's error. So that, to me, seems to very clearly take it out of the scrivener's error box. And they seem to be holding that because the judgment wasn't final so long as the restitution component was indefinite, it didn't trigger the one-year time bar. I guess there's some question in my mind about whether that's a significant difference between a sort of just non-final judgment versus an invalid judgment. But at the same time, they seem to think it's a significant enough error that it's not going to trigger the time bar. It's a little bit of like fitting a square peg into a round hole between the state law and the federal law here. Right, Your Honor, and state courts aren't thinking ahead to, you know, will this be called valid or invalid under a federal test? Because that is the federal test. However, it is informed with federalism comedy respects for what the state courts have to say about what makes a judgment valid under their own state law. I think in looking at the line of Nevada cases on this, they've held quite clearly that it is an error, it must be corrected, and that the statutory scheme simply does not allow for this type of error. Can I just – this language, though, does give me some pause. I'm looking at Mr. Witter's 2019 Nevada Supreme Court decision. It says, this court considered the question of finality when a judgment of conviction includes an indeterminate restitution provision in Whitehead. There, this court held that a judgment of conviction that imposed restitution in an uncertain amount was not final and therefore did not start the clock on the one-year period under NRS 34.726 for filing a post-conviction habeas petition. A year later in Slate v. State, this court similarly held that it lacked jurisdiction over an appeal from a judgment that imposed restitution in an indeterminate amount because the judgment was not final. Do we have any concern about that language? No, Your Honor, because the Nevada Supreme Court was just recognizing a separate basis for appealability than it did in Whitehead because that was a guilty plea. And in Mr. Witter's case, he was jury convicted. And again, I just go back to Gonzales v. Sherman, which explicitly said that finality is not the same question as second or successive. Because there, the district court found that because Gonzales' previous judgment was final, then that meant that a new judgment couldn't be intervening because the previous judgment was final. And this court in Gonzales rejected that framework and applied the test that we're asking this court to apply today. Let me ask, do you think there'll be some, you know, there's, you know, certainly language in Ninth Circuit decisions where judges are concerned about, you know, the spirit also of this Section 2244, you know, supposed to prevent this, you know, the success of litigation. And if you read this Supreme Court decision from Nevada, it says, you know, Mr. Witter treated the 1995 judgment of conviction as final for more than two decades, litigating a direct appeal and various post-conviction proceedings in state and federal court. He does not get to change course now. And that's why they limited the scope of what he could appeal to just the amendment. So how do you address concerns that a lot of judges have that there needs to be some finality in these proceedings, and why should he be allowed to change course after two decades of a significant amount of state and federal litigation on that judgment? Which is, you know, I'm, you know, from looking at what was challenged in the 2011 petition and the current 2020 petition, it's all about issues that he, you know, previously had an opportunity to litigate. It certainly has nothing to do with the restitution. Yeah, a couple of responses to that, Your Honor. This court has never imposed any kind of, like, say, diligence or temporal requirement on the petitioner. And I think that's reflected in Magwood, because the dissent in Magwood brings up many concerns about fairness. You know, the dissent takes issue with the fact that a petitioner could raise the same claims that they already raised. The dissent takes issue that a petitioner could prevail perhaps on issue A and then come back and challenge something on issue B that wasn't related at all. But ultimately, that did not carry the day, and the majority rejected that. And it did so based on respect for Congress's ability to write the statutes how they want to write, and respect for how the statutes are written, and held that a clear application of those statutes compel that result. So, you know, that happened in 2010. The statute has not been amended. So although there might be these concerns, I think those concerns were addressed in large part in Magwood, and they just did not carry the day. Your Honor, I just wanted to touch on the restitution question again about this idea that because challenges to restitution are not cognizable in federal habeas petitions, that means this change was not intervening. And I would just say that that blends those two lines of case law from 2254A and 2244B in a way that Colbert specifically did not. Colbert did not make a distinction between that and did not hold that that was dispositive. And I do think that that is very instructive in this Court's analysis. I mean, I certainly think if he had been attempting to challenge the indefinite restitution order in a federal habeas petition, that would not have sounded habeas that much as clear. It seems to me a different question, though, is whether when he did successfully challenge the restitution portion of his judgment and got a new one, whether that, for the purposes of this rule, is a new judgment. It does seem to me those need to be or are under the statute distinct questions. Yes, Your Honor, and they are contained in different statutes, and this Court has never blended them in that way, even when expressly presented with a question about restitution. So I think that's very instructive for this Court. And he is challenging the validity of his custodial, of his custody, so this petition still sounds in habeas if it's considered to be not second or successive is a different question. Right, Your Honor, and all the claims in Mr. Witter's petition do that. There are no challenges to the restitution. So, yes, there is a difference between cognizability and whether a petition is second or successive, absolutely. That's all for me, unless the Court has any other questions. Questions, Judges? Judges, no. All right. Thank you very much. And thank you to both counsel. This was a really helpful argument, and we are adjourned. This case is submitted. All rise. Court, the session stands adjourned.
judges: KOH, SUNG, DESAI